Singh v. Garland

BIA
Lopez Defillo, IJ
A208 751 415

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-two.

PRESENT:
RICHARD J. SULLIVAN,
WILLIAM J. NARDINI,
EUNICE C. LEE,
*Circuit Judges.*

———————————————————————

LAKHVINDER SINGH, AKA LAKHVINDER THAPA,
*Petitioner,*

v.                                                    **20-469**
                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

———————————————————————

FOR PETITIONER:        Jaspreet Singh, Esq., Jackson Heights, NY.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant

Director; Sherease Pratt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Lakhvinder Singh, a native and citizen of India, seeks review of a January 27, 2020 decision of the BIA that affirmed a March 19, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Lakhvinder Singh,* No. A 208 751 415 (B.I.A. Jan. 27, 2020), *aff'g* No. A 208 751 415 (Immigr. Ct. N.Y. City Mar. 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). We do not consider Singh's argument

that the IJ "failed to create a record" because it was not raised before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 120-22 (2d Cir. 2007) (holding that, although issue exhaustion is not a jurisdictional requirement, it is "mandatory").

**I.   Timeliness of the Asylum Application**

Except in circumstances not relevant here, an asylum applicant must demonstrate by "clear and convincing evidence" that he applied for asylum within one year of entry. 8 U.S.C. § 1158(a)(2)(B). We dismiss Singh's petition for lack of jurisdiction insofar as it challenges the IJ's finding that his asylum application was untimely because he does not raise any challenge to the IJ's application of the law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Singh's argument that the record demonstrates a timely filing does not raise a question of law because the evidence he points to was not part of the record before the IJ.

**II. Withholding of Removal and CAT Protection**

The agency did not err in concluding that Singh failed to demonstrate that the past harm he suffered rose to the level of persecution, or that he would more likely than not

3

be persecuted or tortured if he were forced to return to India. *See* 8 C.F.R. § 1208.16(b), (c). "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). It "encompasses a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and alteration omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . [and] the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341).

Singh testified that members of the ruling Bharatiya Janata Party ("BJP") and Akali Dal Badal Party ("Badal Party") assaulted him twice and threatened to kill him because he was a member of the Shiromani Akali Dal Mann (Amritsar) Party

4

("Mann Party") and refused to join their parties. The agency did not err in concluding that this harm did not amount to persecution, given the context and extent of the harm. *See Mei Fun Wong*, 633 F.3d at 72 (observing that the context of the harm matters). The IJ appropriately considered that Singh did not seek medical treatment after either attack or have visible injuries. *Cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an alien failed to establish past persecution when "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). Moreover, Singh was not assaulted by government actors, and the assaults did not occur in the context of an arrest or detention, where minor physical harm is more likely to constitute persecution. *See Singh v. Garland*, 11 F.4th 106, 115–16 (2d Cir. 2021) (holding that IJ properly found that a beating and threat by rival party members did not amount to targeting by the authorities even where the police failed to act on a report); *Beskovic*, 467 F.3d at 226 ("[A] minor beating . . . may rise to the level of persecution if

it occurred in the context of an arrest or detention on the basis of a protected ground.").

Because Singh did not demonstrate past persecution, he was not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(2). Absent past persecution, an applicant may establish eligibility for withholding of removal by demonstrating that he would "more likely than not" be persecuted in the future. *Id.; see Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (requiring applicant to show that fear is "objectively reasonable"). An applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.16(b)(2). Under the substantial evidence standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Castro v. Holder*, 597 F.3d 93, 99–100 (2d Cir. 2010).

The record does not compel a conclusion contrary to the agency's determination that Singh did not establish that he will more likely than not be persecuted if forced to return

6

to India. Singh relied on reports from the U.S. State Department and the Immigration and Refugee Board of Canada to assert a pattern or practice of persecution of members of the Mann Party. Although the State Department report does mention instances of violence based on religious affiliation, it does not mention the Mann Party or violence against Sikhs. The Canadian reports provide that people affiliated with a political party in Punjab sometimes face harassment or physical harm at the hands of members of other parties, as Singh did. They also state that members of the Mann Party, which advocates for a separate Sikh state known as Khalistan, are sometimes threatened, harassed, and subject to violence by members of the Badal Party and BJP. Mann Party members who "are known to be advocates for Khalistan" are monitored by police and sometimes subjected to more severe harm, but the reports do not demonstrate that a person similarly situated to Singh—who did not describe any public political activity besides putting up posters and refusing to join the ruling parties—is likely to be persecuted for supporting the Mann Party.

The remainder of Singh's evidence also does not compel a finding that Mann Party members or Sikhs in Punjab are subject to a pattern or practice of persecution. Thus, there is no indication that the IJ failed to consider all the evidence or that Singh met his burden to demonstrate a sufficient likelihood of persecution. *See Xiao Ji Chen v. Holder*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

In sum, the agency did not err in finding that Singh did not meet his burden to show past harm rising to the level of persecution or that he would more likely than not be persecuted or tortured in the future if forced to return to India. *See* 8 C.F.R. § 1208.16(b)(1), (2), (c)(2).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9